IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.  Criminal No. **3:07cr85**

**DAVID MEYERS,**

Petitioner.

## MEMORANDUM OPINION

David Meyers, a federal inmate proceeding *pro se*, brings this motion pursuant to 28 U.S.C. § 2255 ("Current § 2255 Motion," ECF No. 138). The Government has moved to dismiss, asserting, *inter alia*, that Meyers's § 2255 Motion is barred by the statute of limitations. (ECF No. 146.) For the reasons set forth below, the Current § 2255 Motion (ECF No. 138) will be DENIED WITHOUT PREJUDICE.

### I. Procedural History

In a Memorandum Order entered on June 3, 2015, the Court provided the following summary of Meyers's criminal conviction and post-conviction history:

> On September 17, 2009, Meyers pled guilty to count two of the indictment, which alleged possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). This Court subsequently sentenced Meyers to sixty-three months' imprisonment, to be followed by three years of supervised release, on December 17, 2009. Meyers appealed his conviction to the United States Court of Appeals for the Fourth Circuit. While that appeal was pending, Meyers filed a number of post-trial motions, two of which were § 2255 motions. (*See* ECF Nos. 63, 67, 68, 72.) On August 18, 2010, the Fourth Circuit granted the government's motion to dismiss Meyers' appeal. Meyers then filed another § 2255 Motion on August 30, 2010. (ECF No. 75.) The Court directed Meyers to file one consolidated § 2255 motion (ECF No. 79), which Meyers did on November 26, 2010 (ECF No. 80).[1]

---

[1] Meyers alleged four grounds for relief: (1) credit for time served; (2) the Court failed to comply with Rule 32 of the Federal Rules of Criminal Procedure at Meyers' sentencing hearing; (3) the Probation Officer incorrectly calculated Meyers' criminal history category; and (4) Meyers suffered a fundamental miscarriage of justice.

> On June 17, 2011, the Court dismissed without prejudice Ground One of Meyers' § 2255 motion, and denied Grounds Two, Three and Four. (ECF No. 89.) Meyers appealed the Court's Order, but his appeal was ultimately dismissed for failure to prosecute. (ECF No. 92.)[2]
>
> Meyers began his term of supervised release on July 8, 2011. On January 9, 2012, Meyers was arrested on state charges for allegedly assaulting his son's mother. Prior to his trial on that matter, he was arrested on January 31, 2012 on multiple felony charges in Petersburg, Virginia. Meyers has been held in continuous state custody since his arrest on those charges.
>
> As a result of these new charges, a petition charging violation of supervised release was filed on March 26, 2012. (ECF No. 93.) On April 26, 2012, Meyers filed a motion to dismiss the Supervised Release Petition in the Richmond Division, alleging that he has a Due Process right to be heard in person at a Revocation Hearing and the facts do not support the alleged violation. (ECF No. 94.) The Court denied the motion to dismiss on September 26, 2012 because "the Revocation Hearing is the proper forum for presenting any evidence that the allegations against him are untrue." (ECF No. 95.) On June 17, 2013, Meyers filed the instant § 2255 Motion. From what the Court can decipher, Meyers' § 2255 Motion alleges four grounds for relief: (1) denial of adequate rehabilitation; (2) denial of supervised release violation hearing; (3) denial of insurance or other financial means of meeting the Court's special condition of supervised release to seek and obtain mental health treatment, including his required medication; and (4) Meyers' safety is at risk because he was a government cooperator and he should be released to family members in North Carolina where he can receive shelter, care and mental health treatment. The United States filed a response in opposition on July 3, 2013 ("Opp'n Mem.") (ECF No. 99), arguing that this Court lacks jurisdiction to consider the successive motion. Meyers then filed a nearly incomprehensible reply on July 22, 2013 (ECF No. 103).

(ECF No. 109, at 1–2.) The Court then noted that:[3]

---

[2] As the Government notes, Meyers also filed a motion (and amended motion) pursuant to 28 U.S.C. §§ 2241 and 2255 in the Eastern District of Virginia, Norfolk Division, claiming *inter alia* that he was being unlawfully detained in a state facility as a result of the warrant that issued from this Court as a result of the Petition alleging violation of supervised release. (Opp'n Mem. at 3–4.) The case was transferred to this Court, and the Court dismissed the motion without prejudice on May 12, 2015 pursuant to Fed. R. Civ. P. 41. *See Meyers v. United States*, 3:13-CV-261. Additionally, Meyers filed a §§ 2241 and 2255 petition in the Middle District of Pennsylvania, which he appealed to the Third Circuit Court of Appeals. (Opp'n Mem. at 4 n.1.)

[3] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the punctuation, capitalization, and spelling the quotations Meyers's submissions.

2

> Meyers' § 2255 Motion and Reply Memorandum fail to advance any coherent basis for collateral relief pursuant to 28 U.S.C. § 2255. Accordingly, the Court DIRECTS Meyers, within fourteen (14) days from the date of entry hereof, to file a proper response as to why his four grounds for relief are cognizable in a § 2255 motion. Meyers' response must also provide the status of any recent convictions or outstanding appeals. Failure to comply with this Memorandum Order may result in dismissal of the § 2255 Motion.

(ECF No. 109, at 3.) The June 3, 2015 Memorandum Order was returned to the Court by the United States Postal Service because Meyers had moved and failed to update the Court as to his new address. (ECF Nos. 110, 111.) Accordingly, by Memorandum Order entered on June 23, 2015, the Court dismissed the § 2255 Motion for failure to prosecute. (ECF No. 112.)

In the years that followed, Meyers submitted a number of procedurally defective motions for post-conviction relief, which were denied without prejudice by the Court. (*See, e.g.*, ECF Nos. 114, 117, 118; ECF Nos. 128, 129; ECF Nos. 130, 133.)[4]

Meyers is currently incarcerated in the Virginia Department of Corrections serving a thirty-year sentence. *See Meyers v. Dotson*, No. 2:24-CV-360, 2025 WL 2270121, at *1 (E.D. Va. May 5, 2025). "On March 7, 2014, a jury convicted Meyers of robbery, malicious wounding, two counts of abduction, and four counts of use of a firearm during the commission of a felony in the Circuit Court for the City of Petersburg." *Id.* (citations omitted).

On August 8, 2023, Meyers placed the Current § 2255 Motion in the prison mail system. (ECF No. 138, at 23.) The Court deems the Current § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

---

[4] Meyers has submitted a semi-coherent demand that his prior motions be reopened ("Motion to Reopen," ECF Nos. 134). Because these motions were properly denied, the Motion to Reopen (ECF No. 134) will be DENIED.

3

In the Current § 2255 Motion, Meyers asserts that he is challenging the "warrant for petition for supervised relief violation." (ECF No. 138, at 11.) Thereafter, Meyers contends that he is entitled to relief on the following grounds:

Ground One  "U.S. Judge M. Hannah Lauck and the Court's obstruction of justice and chain conspiracy with A.U.S.A. Olivia Norman to frame me." (ECF No. 138, at 14.)

Ground Two  "Extrinsic Fraud – fraud upon the Court and U.S. Judge M. Hannah Lauck's chain conspiracy obstruction of justice with A.U.S.A. Olivia Norman." (ECF No. 138, at 15.)

Ground Three  "Petitioner's competent and relevant evidence of Patriot USA private detectives FBI agent K.M. Konis and expert witness testimony proves Petitioner's innocence . . . ." (ECF No. 138, at 17.)

Ground Four  "Title U.S.C. Section 1512 and 1513 retaliation on a witness, victim, and informants." (ECF No. 138, at 18.)

## II. Meyers Fails to State a Basis for Relief under 28 U.S.C. § 2255

The pertinent statute provides:

> A prisoner in custody under sentence of a court established by Act of Congress *claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States*, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). Meyers's semi-coherent claims are aimed at dismissing the petition charging him with violating the terms of his supervised release. (*See* ECF No. 138, at 11.) "Section 2255's statutory construction demonstrates that § 2255 was intended to afford strictly post-conviction relief." *United States v. Casaran-Rivas*, 311 F. App'x 269, 273 (11th Cir. 2009) (citing 28 U.S.C. § 2255(a), (f)). As no sentence has been imposed for any violation of the terms of his supervised release, the Current § 2255 Motion is premature. *Id.*; *United States v. Hall*, No. 3:09-CR-40-MOC-SCR-1, 2024 WL 1662777, at *2 (W.D.N.C. Apr. 17, 2024)

4

("Defendant's revocation proceeding is still pending and, accordingly, there is no judgment that the Defendant may challenge pursuant to § 2255 at this time." (citing *United States v. Hunter*, 458 F. App'x 732 (10th Cir. 2012))). As the Court previously informed Meyers, on September 26, 2012 "the Revocation Hearing is the proper forum for presenting any evidence that the allegations against him are untrue" or challenging the revocation of his supervised release. (ECF No. 95.) Accordingly, Meyers's claims will be DISMISSED WITHOUT PREJUDICE as premature. The Current § 2255 Motion will be DENIED WITHOUT PREJUDICE to refiling after the resolution of the petition charging him with violating the terms of his supervised release.

### III. Conclusion

Meyers's claims will be DISMISSED WITHOUT PREJUDICE. The Current § 2255 Motion (ECF No. 138) will be DENIED WITHOUT PREJUDICE. The action will be DISMISSED. Meyers's Motion to Reopen (ECF No. 134) and Motion for Relief (ECF No. 144) will be DENIED. A certificate of appealability will be DENIED.[5]

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: 08/29/2025
Richmond, Virginia

---

[5] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Meyers has not satisfied this standard.