IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                                                    Criminal No. **3:07cr85**

DAVID MEYERS,

Petitioner.

## MEMORANDUM OPINION

David Meyers, a federal inmate proceeding *pro se*, filed a 28 U.S.C. § 2255 challenging the potential revocation of the terms of his supervised release. ("Current § 2255 Motion," ECF No. 138). By Memorandum Opinion and Order entered on August 29, 2025, the Court denied the Current § 2255 Motion without prejudice. (ECF Nos. 147, 148.) In doing so, the Court noted that "Meyers is currently incarcerated in the Virginia Department of Corrections serving a thirty-year sentence." (ECF No. 147, at 3 (citing *Meyers v. Dotson*, No. 2:24-CV-360, 2025 WL 2270121, at * 1 (E.D. Va. May 5, 2025)). The Court concluded that:

> The pertinent statute provides:
> A prisoner in custody under sentence of a court established by Act of Congress *claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States*, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> 28 U.S.C. § 2255(a) (emphasis added). Meyers's semi-coherent claims are aimed at dismissing the petition charging him with violating the terms of his supervised release. (*See* ECF No. 138, at 11.) "Section 2255's statutory construction demonstrates that § 2255 was intended to afford strictly post-conviction relief." *United States v. Casaran-Rivas*, 311 F. App'x 269, 273 (11th Cir. 2009) (citing 28 U.S.C. § 2255(a), (f)). As no sentence has been imposed for any violation of the terms of his supervised release, the Current § 2255 Motion is premature. *Id.*; *United States v. Hall*, No. 3:09-CR-40-MOC-SCR-1, 2024 WL 1662777, at *2 (W.D.N.C. Apr. 17, 2024) ("Defendant's revocation proceeding is still pending and,

accordingly, there is no judgment that the Defendant may challenge pursuant to § 2255 at this time." (citing *United States v. Hunter*, 458 F. App'x 732 (10th Cir. 2012))). As the Court previously informed Meyers, on September 26, 2012 "the Revocation Hearing is the proper forum for presenting any evidence that the allegations against him are untrue" or challenging the revocation of his supervised release. (ECF No. 95.) Accordingly, Meyers's claims will be DISMISSED WITHOUT PREJUDICE as premature. The Current § 2255 Motion will be DENIED WITHOUT PREJUDICE to refiling after the resolution of the petition charging him with violating the terms of his supervised release.

(ECF No. 147, at 4–5.)

On February 17, 2026, the Court received a Motion to Reopen the Current § 2255 Motion from Meyers. ("Motion to Reopen," ECF No. 153.) Meyers, however, fails to articulate any error in the Court's August 29, 2025 Memorandum Opinion or any other basis for reopening the Current § 2255 Motion. Accordingly, the Motion to Reopen (ECF No. 153) will be DENIED.

A certificate of appealability will be DENIED.[1]

An appropriate Order will accompany this Memorandum Opinion.

_____ /s/
M. Hannah Lauck
Chief United States District Judge

Date: 4/21/26
Richmond, Virginia

---

[1] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Meyers has not satisfied this standard.

2